FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

OCT  2 2003

LUTHER D. THOMAS, Clerk
By:
Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**Case No. 1:02cr684**

**SAMUEL CHARLES HARDEMAN**

**Defendant's Attorney:**
**Robert Bonsib**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC §2422(b) | Use of a Computer to Entice a Child to Engage in Sexual Activity | 1 |

The defendant is sentenced as provided in pages 2 through  5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.       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
Defendant's Date of Birth:       April 11, 1968
Defendant's Mailing Address:
2605 Chapel Lake Drive, Unit 110
Gambrills, Maryland 21054

Date of Imposition of Sentence: September 24, 2003

Signed this the __2__ day of October ,2003.

THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

ATTEST: A TRUE COPY
CERTIFIED THIS

JAN 1 4 2016

James N. Hatten, Clerk
By:
Deputy Clerk

1:02cr684 : SAMUEL CHARLES HARDEMAN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **174 months**.

The Court recommends to the Bureau of Prisons: (1) That the defendant be designated to a facility for immediate sexual offender treatment and (2) Offer participation in the Bureau of Prisons Sexual Offender Program at Butner upon eligibility.

The defendant is remanded to the custody of the United States Marshal.

## **RETURN**

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:02cr684 : SAMUEL CHARLES HARDEMAN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon  or other destructive device.

The defendant shall submit to a search of his person, property, residence, place of business or employment, and/or vehicle(s) at the request of the United States Probation Officer.

The defendant shall participate in the mental health aftercare program including a psychosexual evaluation and counseling if deemed necessary and comply with the conditions of the sex offender compliance contract under the guidance and supervision of the U. S. Probation Officer. If able, the defendant shall be required to contribute to the cost of services for such treatment.

1:02cr684 : SAMUEL CHARLES HARDEMAN

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.    The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.    The defendant shall support his or her dependents and meet other family responsibilities;

5.    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.    The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

7.    The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11.   The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:02cr684 : SAMUEL CHARLES HARDEMAN

# FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court will waive the fine and cost of incarceration in this case.